**Guy Robita, by Biagio Robita, his next friend, Appellee, v. Crane Company, Appellant.**

### Gen. No. 17,529.

HIGHWAYS—*when evidence of truck striking boy on sidewalk is not impossible.* Where there is evidence that a boy walking close to the street edge of the sidewalk was struck behind his left leg by the end of a whiffletree on a heavily loaded truck drawn by three horses and was thrown on the sidewalk with his right hand on the walk and left hand extending into the street where the right hand wheel of the truck passed over it, and there is evidence to the contrary that he was trying to pick up a book, and defendant, on attempting to demonstrate mathematically that the accident could not have happened as described, must assume that the right wheels of the truck as loaded and drawn by three horses could not have been nearer than thirteen inches from the curb and that the boy's body was wholly on the sidewalk, the evidence as to the way the accident happened is not so contrary to common experience and inherently improbable as to require a reversal.

Robita v. Crane Co., 176 Ill. App. 24.

Appeal from the Superior Court of Cook county; the HON. THOMAS
C. CLARK, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1911. Affirmed. Opinion filed December 19,
1912. Rehearing denied January 2, 1913. *Certiorari* denied by
Supreme Court (making opinion final).

ALDEN, LATHAM & YOUNG, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE FITCH delivered the opinion of the
court.

In asking this court to reverse the judgment of the
superior court in favor of appellee for $2,500, appel-
lant's counsel present an argument confined almost en-
tirely to a discussion of the facts. They contend that
the evidence of appellee and his witnesses as to the
way the accident happened is "contrary to common ex-
perience and inherently improbable," and is so con-
flicting and contradictory as "to be of little, if any,
probative value;" that "*appellant's evidence* shows
no negligence on the part of appellant;" and that if
the evidence introduced on behalf of appellee is the
truth, then he was guilty of contributory negligence.

Briefly stated, the evidence on the part of appellee
tends to prove that on October 21, 1907, between 2 and
2:30 o'clock in the afternoon, appellee, then a school-
boy, about nine years old, came out of one of the east
entrances of the Dante School with a number of his
schoolmates; that said school is located on the west
side of Desplaines Street, between Ewing and For-
quer Streets; that when the boys reached the sidewalk
on Desplaines Street, which is a cement sidewalk built
next to the curbstone, appellee walked close to the
street edge of the walk; that one of appellant's heavy
trucks, drawn by three horses, was at that time going
south along the brick pavement on Desplaines Street,
close to the curb; that in passing appellee the end of
the whiffletree struck his left leg behind the knee joint
and he fell foward with outstretched arms; that he
fell prone on the sidewalk, with his right hand on the

sidewalk and his left hand extending out into the street, and that the right front wheel of the truck passed over his left hand while in this position, crushing the carpal and metacarpal bones and breaking both bones of the forearm. The evidence on the part of appellant tends to prove that the truck was at some distance from the edge of the sidewalk; that the boys ran into the street near the truck; that appellee dropped his book, and that in endeavoring to pick it up the rear wheel of the truck passed over his hand. Appellee's story was corroborated by the evidence of three witnesses. Appellant's theory was supported by the affirmative evidence of two boys and the negative evidence of the driver, who claimed he knew nothing about the accident until he had driven more than a block away, and of a police officer who testified that appellee said several weeks after the accident that his hand was caught under the back wheel while he was endeavoring to pick up his book. Appellant also produced witnesses who testified minutely as to many measurements of and concerning the truck, and of the sidewalk, curb and pavement, and most of the argument of appellant's counsel is devoted to a discussion of the alleged "physical impossibility" of appellee's theory in the light of the measurements. Starting with certain assumed facts as to the position of appellee when he fell, appellant's counsel have undertaken to demonstrate mathematically that the accident could not have happened in the way appellee claims it happened. In order to reach this conclusion, however, appellant's counsel are obliged to assume that the right wheels of the truck could not possibly be nearer the edge of the curbstone than thirteen inches when the truck was heavily loaded and being drawn by three horses, and to assume that the boy's body was wholly on the sidewalk and no part of it was above the curbstone. Without entering into any extended explanation of this alleged mathematical deduction, it will suffice to say that we have given care-

ful consideration to the argument thus advanced and do not find it convincing, for the reason that its assumptions are not manifest from the evidence. We see nothing inherently improbable in the story of appellee. The evidence of appellee and his witnesses is entirely consistent with the theory that the upper part of his body and left shoulder projected slightly beyond the edge of the curb into the street, while the trunk of his body and lower limbs were entirely on the sidewalk. After a careful study of the whole record and of the briefs and arguments filed, we do not think the verdict is so clearly and manifestly against the weight of the evidence that we would be justified in disturbing it. The same conclusion holds as to the alleged contributory negligence of appellee. Upon such questions of fact an appellate court is not justified in reversing a judgment, unless the evidence is manifestly contrary to the conclusion reached by the jury.

A point is also raised as to alleged errors of the court in sustaining objections to certain questions of appellant's counsel. We are unable to see any force in this contention.

The judgment of the superior court will be affirmed.

*Affirmed.*